ANDREW H. BAKER, SBN 104197
**BEESON, TAYER & BODINE, APC.**
1404 Franklin Street, 5th Floor
Oakland, CA  94612
Telephone:  (510) 625-9700
Facsimile:   (510) 625-8275

Attorneys for Plaintiff Teamsters Local Union No. 85

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 85,<br><br>Plaintiff,<br><br>v.<br><br>BANANA PEEL PRODUCTIONS (aka BANANA PEEL ENTERTAINMENT),<br><br>Defendant. | Case No.  C-08-01720 SC<br><br>**COMPLAINT TO COMPEL ARBITRATION** |

Plaintiff  TEAMSTERS LOCAL UNION NO. 85 ("Local 85") hereby complains and alleges as follows:

**JURISDICTION**

1.     This is a Complaint to Compel Arbitration pursuant to a written collective bargaining agreement between an employer and a labor organization representing employees in an industry affecting commerce.  This Court has jurisdiction over this action pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a).

**VENUE(INTRADISTRICT ASSIGNMENT)**

2.     Pursuant to Section 301(c) of the LMRA, 29 U.S.C. §185(c), venue is appropriate in the Northern District of California as the collective bargaining agreement between Plaintiff and Defendant was executed in and governs the terms and conditions of employment for employees represented by Plaintiff and working in this judicial district.  The acts and/or omissions alleged herein

arose in the Counties of San Francisco and Alameda and thus this matter is properly assigned to either the San Francisco or Oakland Divisions of the Northern District Court.

## **PARTIES**

3.     Plaintiff TEAMSTERS LOCAL UNION NO. 85 ("Local 85") is an unincorporated labor association whose principal place of business is located within this judicial district in San Francisco, California.  Local 85's officers and authorized agents represent and act on behalf of its members within this Judicial District.

4.     Defendant BANANA PEEL PRODUCTIONS (aka BANANA PEEL ENTERTAINMENT) ("Producer") is engaged in business within the State of California with a place of business located in San Francisco, California.  Producer conducts business in the Northern District of California by, *inter alia*, producing and distributing motion pictures.

5.     At all times material herein, Producer has been an employer engaged in an industry affecting commerce within the meaning of the Labor Management Relations Act, as amended (29 U.S.C. §152(2)(6) and (7)).

## **CLAIM FOR RELIEF**

6.     In or about August 2005, Local 85 and Producer entered into a written collective bargaining agreement ("Agreement") effective commencing August 10, 2005, and applying to Producer's employees hired within Local 85's jurisdiction and working within classifications covered by the Union's jurisdiction with respect to all work performed on Producer's production of the motion picture titled "Valley of the Heart's Delight."  A true and correct copy of the Agreement is attached hereto as Exhibit A, and incorporated herein by reference.

7.     Paragraph 3 of the Agreement sets forth Producer's obligations to make contributions to designated health & welfare and pension benefit funds on behalf of employees working under the Agreement.

8.     Paragraph 4 of the Agreement incorporates terms of the Studio Transportation Drivers Local 399 agreement not inconsistent with the Agreement, including the wage rates and the grievance-arbitration procedure set forth therein.

9. Paragraph 6 of the Agreement provides that Local 85 may schedule a "settlement conference" with Producer at the conclusion of the production covered by the Agreement for the purpose of settling all claims or other matters arising under the Agreement.

8. Paragraph 5 of the Agreement contains a grievance procedure for the resolution of grievances and disputes "arising under" the Agreement. Under said provision grievances not resolved at an earlier stage may be referred to the grievance-arbitration procedure contained in the Studio Transportation Drivers Local 399 agreement, which in turn provides that grievances not resolved at preliminary steps of the grievance-arbitration procedure may be referred to a "Step Three" Labor-Management Panel for resolution. Grievances not resolved at the Step Three level may be referred to an impartial arbitrator for final and binding arbitration. Under the grievance-arbitration procedure contained in the Studio Transportation Drivers Local 399 agreement, either party has the right to opt out of the Step Three hearing and instead proceed to arbitration.

9. By letter dated September 22, 2005, Local 85 contacted Producer to schedule a settlement conference pursuant to Paragraph 6 of the Agreement to address claims that Producer failed to pay employees working under the Agreement the correct wage rate, failed to pay those employees for all hours worked under the Agreement, and failed to make all health & welfare and pension benefit contributions required by the Agreement (herein "the Grievance"). A true and correct copy of Local 85's September 22, 2005, letter is attached hereto as Exhibit B, and incorporated herein by reference.

10. Producer thereafter refused Local 85's request for a settlement conference and failed to respond to Local 85's repeated efforts to resolve the Grievance.

11. Local 85 by application dated February 1, 2006, referred the Grievance for a Step Three hearing. A true and correct copy of the February 1, 2006, hearing application is attached hereto as Exhibit C, and incorporated herein by reference.

12. On various occasions since February 1, 2006, Local 85 has requested Producer to submit the Grievance to a Step Three hearing. At no time since February 1, 2006, has Producer either agreed to submit the Grievance to a Step Three hearing or opted out of the Step Three hearing to proceed instead to arbitration.

13. By failing and refusing to comply with its obligation to resolve the Grievance through the grievance-arbitration procedure provided in the Agreement between the parties, Producer has violated the grievance and arbitration provisions of the Agreement. Unless Producer is compelled to submit the Grievance to a Step Three hearing, and, if the Grievance is not resolved at Step Three, to arbitration, as hereafter prayed, said violation will continue and Plaintiff and the employees it represents will be deprived of their contractual and federally protected rights to bargain effectively with Producer and to obtain the benefits of their collective bargaining agreement with Producer.

14. In addition, Producer's refusal to arbitrate is not taken or maintained in good faith, well-grounded in fact or warranted by law. Accordingly, this is a proper case for an award to Local 85 of the attorneys' fees and costs incurred herein.

WHEREFORE, Plaintiff TEAMSTERS LOCAL UNION NO. 85 prays for the following:

1. That this Court issue an order compelling Defendant BANANA PEEL PRODUCTIONS (aka BANANA PEEL ENTERTAINMENT) to submit the Grievance to a Step Three hearing, and, if the Grievance is not resolved at Step Three, to arbitrate the Grievance and the issues raised therein in the manner provided for in the Agreement;

2. Plaintiff's costs of suit and attorney's fees; and

3. For such other and further relief as the Court in its discretion deems just and equitable.

Dated: March 31, 2008                    Respectfully Submitted

                                         BEESON, TAYER & BODINE, APC


                                    By:     /s/Andrew H. Baker
                                         ANDREW H. BAKER
                                         Attorneys for Plaintiff
                                         Teamsters Local Union No. 85

# CONSENT AGREEMENT

Between

*Banana Peel Entertainment*

and

## TEAMSTERS LOCAL UNION NO. 85

This Agreement is made and entered into by and between the above named Employer, hereinafter called the Producer, and Teamsters Local Union No. 85, hereinafter called the Union, to provide for the terms and conditions of employment of employees for whom the Union is the collective bargaining representative, and who are hired by the Producer to perform work subject to the jurisdiction of the Union for the production titled *"Wesley or The Absent Cuckoo"*. This Agreement is applicable to all work performed on the foregoing production, as of *10 August 2005* (dates).

1. The Producer recognizes the Union as the exclusive representative of its employees hired within the Union's jurisdiction other than supervisors employed in the foregoing production who work within the classifications covered by the Union's jurisdiction. It is understood that any jurisdictional questions which may be asserted among the Teamsters Local Unions affiliated with the Teamsters Joint Council No. 7 will be resolved in accordance with the internal procedures recognized by Teamster Joint Council No. 7. The Producer will comply with any determination made pursuant to such procedures.

2. The Producer will secure all employees within the classification covered by this consent agreement from the Union, and the Union shall furnish competent referrals for such job pursuant to the Producer's request. Employees to be covered by this Agreement and obtained in accordance with the provision shall include, without limitation, all persons assigned to vehicles which are secured by the Employer, whether by lease, contracting arrangements, or otherwise within the geographical jurisdiction of Teamsters Joint Council No. 7. Referrals under this provision will be made without discrimination on the basis of union membership or internal Union Rules, and without regard to race, national origin, sex or religion. All referrals will be made pursuant to the Local Union's established rules and regulations applicable to the motion picture industry, provided that the Producer will make the final decision as to hiring individuals referred by the Union. A copy of the Union's rules and regulations is enclosed.

3. The Producer shall make monthly payments for Health & Welfare and Pension benefits in the aggregate amount of $7.60 ($ .75 increase in September 2005) per hour for all compensable hours on behalf of all employees covered by this

Consent Agreement which amount shall be allocated and paid as follows:

(a) The Pension contribution on behalf of each covered employee shall be in the amount of $2.66 ($2.28 base rate and .38 cents PEER 80 rate), per compensable hour for each employee covered by this Agreement. The Producer shall execute the Pension Subscriber's Agreement attached to this Consent Agreement, which shall thereupon become a part of this Consent Agreement and will comply with the rules and regulations of the Pension Funds. The contributions required to provide the Program for Enhanced Early Retirement will not be taken into consideration for benefit accrual purposes under the Plan. The additional contribution for the PEER must at all times be 16.5% of the basic contribution and cannot be decreased or discontinued at any time. A separate contribution to the Western Conference of Teamsters Supplemental Pension Trust shall be fifteen cents per compensable hour.

(b) The contribution to be made to the Health and Welfare Trust shall be at an hourly rate of $4.79. Said contributions shall be made on all compensable hours and shall be payable to the Teamsters Benefit Trust Fund (Plan I-85).

(c) The Producer shall participate in the above Trust Funds to which it is required to make contributions by this Consent Agreement, and shall comply with the rules and regulations of such Trusts, as identified in the Subscriber Agreements attached to this Consent Agreement. The producer shall execute any applicable Subscriber Agreements attached hereto, which Subscriber Agreements are made a part of this Consent Agreement.

4. The parties acknowledge that the Producer is signatory to a collective bargaining agreement with Studio Transportation Local 399 covering the Producer's employees working out of the Producer's Southern California facilities. This Consent Agreement is not applicable to such employees, and covers only employees specifically hired for work on the above mentioned production on location in Local 85's jurisdiction. It is understood and agreed however, that the terms and provisions of the Teamsters Local 399 agreement are fully applicable to the employees represented by Local 85, except as herein provided.

5. Grievances and disputes arising under this Agreement shall be resolved as follows:

(a) The representatives of the parties shall meet and attempt to resolve any such dispute at the earliest possible time after it is reported.

(b) If the dispute is not resolved by the representatives of the parties within three (3) days after they meet, the matter may be submitted in writing to the grievance procedure in the Local 399 contract.

6. The Producer shall give the Union no less than five (5) days notice of the

termination of work by the Employees covered by this Consent Agreement on the production to which this Consent agreement applies, and the Union may, at its discretion, thereupon schedule a "settlement conference" with the Producer prior to its departure from the area. The purpose of the settlement conference is to settle all claims or other matters arising under this Consent Agreement prior to the departure of the Producer.

7. All wages due an employee shall be paid no later than seven (7) days after the date of termination.

Dated:

FOR THE PRODUCER:

Name: *Ricardo Duran*
Address: *500 Moorhouse Ste 2*
*Oakland, CA 94607*

FOR THE UNION:

*Van Beane*
VAN BEANE, Secretary Treasurer
TEAMSTERS LOCAL 85
2660 Newhall Street
San Francisco, CA 94124
(415) 330-8500

pbk opeiu 3 afl cio (32)
9/2004

Note: Reg Rates
Composite Crew



# Brotherhood of Teamsters and Auto Truck Drivers'
## LOCAL 85
Affiliated with the I.B. of T. - Organized August 5, 1900

850 Harrison Street, San Francisco, California 94107-1125
Office Phone (415) 344-0085 • FAX (415) 543-8585 • Hall FAX (415) 243-8525 • email: IBT85@aol.com

September 22, 2005

BANANA PEEL ENTERTAINMENT
VALLEY OF THE HEARTS DELIGHT
900 MURMANSK STREET SUITE 2
OAKLAND, CA 94607

Dear Producer:

    I would like to arrange a meeting date with you as soon as possible regarding the rates of pay and benefits, in accordance with the Local 85 Consent Agreement, specifically:

    5.    Grievances and disputes arising under this Agreement shall be resolved as follows:

(a) The representatives of the parties shall meet and attempt to resolve any such dispute at the earliest possible time after it is reported.

(b) If the dispute is not resolved by the representatives of the parties within three (3) days after they meet, the matter may be submitted in writing to the grievance procedure in the Local 399 contract.

    Please call my office to arrange a mutually agreeable date and time.

Very truly,

*Van Beane*

VAN BEANE
Secretary Treasurer

VB/pbk opeiu 3 afl cio (32)



cc VB

---

EXHIBIT B

CONTRACT SERVICES ADMINISTRATION        TEAMSTERS LOCAL 399
TRUST FUND                              ATTN; MR. LEO REED
15503 VENTURA BLVD.                     P. O. BOX 6017
ENCINO CA  91436                        NORTH HOLLYWOOD CA 91603
Certified Mail  No. 70040550000080140370    #70040550000080140356

APPLICATION FOR DISPUTE HEARING:

1. Date of Application:  2/1/06

2. Name of parties:   BANANA PEEL ENTERTAINMENT

   VALLEY OF THE HEARTS DELIGHT

   Certified Mail  70040550000080140363

   900 MURMANSK STREET SUITE 2, OAKLAND CA 94607

3. Has the first step of the Grievance Procedure been complied with: YES

4. Description of case being filed:

   a. Subject of Dispute: Rates of Pay, Hours of pay, Time Card changes, failure to pay Health & Welfare, etc.
   b. Article of contract in Dispute: Local 85 Consent agreement and Local 399
   c. Union position regarding the facts of this case: Contacted company on several times, to date company has not responded or paid monies due.

   d. Employer position regarding the facts of this case: None

5. Relief being sought:  Evaluation of paychecks for Local 85 members, including pension and health & welfare payments

*Van Beane*

VAN BEANE, Signature of Party filing case
/pbk opeiu 3 afl cio (32)

EXHIBIT C