ANDREW H. BAKER, SBN 104197
BEESON, TAYER & BODINE, APC
1404 Franklin Street, 5th Floor
Oakland, CA  94612-3208
Telephone:     (510) 625-9700
Facsimile:      (510) 625-8275
Email:            abaker@beesontayer.com»

Attorneys for Plaintiff
Teamsters Local 85

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# AT SAN FRANCISCO

| | |
|---|---|
| TEAMSTERS LOCAL 85,<br><br>                                  Plaintiff,<br><br>         v.<br><br>BANANA PEEL PRODUCTIONS,<br><br>                                  Defendant. | Case No. C-08-01720 SC<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:      July 11, 2008<br>Hearing Time:     10:00 a.m.<br>Courtroom:         1, 17th Floor<br>Judge:                  Hon. Samuel Conti<br>Complaint Filed:  March 31, 2008 |

1.  <u>Jurisdiction and Service</u>:  This complaint is to compel Defendant Banana Peel Productions ("Defendant") to arbitrate a claim arising under the collective bargaining agreement between Defendant and Plaintiff Teamsters Local 85 ("Plaintiff").  The Court has subject matter jurisdiction over Plaintiff's claim pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 20 U.S.C. Section 185(a).  Defendant was served on May 9, 2008. Defendant to date has neither filed responsive pleadings or otherwise made an appearance in this matter.  This Case Management Statement is therefore being filed solely on behalf of Plaintiff.

2.  <u>Facts</u>:  In August 2005, Plaintiff and Defendant entered into a written collective bargaining agreement ("the Agreement") covering the employment of certain of Defendant's employees employed in Defendant's production of the motion picture titled "Valley of the Heart's Delight."  The Agreement includes a grievance-arbitration procedure for the resolution of disputes arising under the Agreement.  In September 2005 Plaintiff initiated a grievance against Defendant

pursuant to the Agreement's grievance-arbitration procedure; the claim alleges Defendant failed to pay employees working under the Agreement the correct wage rate, failed to pay to those employees for all hours worked under the Agreement, and failed to make all health & welfare and pension benefit contributions required by the Agreement ("the Grievance").  In February 2006, Plaintiff by letter referred the Grievance to a Step Three hearing under the Agreement's grievance-arbitration procedure.  Defendant has failed to respond to Plaintiff's request to submit the Grievance to a Step Three hearing, notwithstanding multiple requests to Defendant to do so.  Defendant's failure to respond to Plaintiff's requests to process the Grievance through the Agreement's grievance-arbitration procedure precludes resolution of the Grievance.  Because Defendant has not responded to the Complaint, Plaintiff is not aware of which, if any, of the above facts are in dispute.

3. <u>Legal Issues</u>:  Because Defendant has not responded to the Complaint, Plaintiff is not aware of any legal issues in dispute.

4. <u>Motions</u>:  Plaintiff will be filing a request for default, and an application for default judgment.

5. <u>Amendment of Pleadings</u>:  Plaintiff does not anticipate amending its Complaint.

6. <u>Evidence Preservation</u>:  Plaintiff has preserved the documents relevant to this dispute.

7. <u>Disclosures</u>:  Because Defendant has neither filed responsive pleadings nor made an appearance in this matter, initial disclosures have yet to be made.

8. <u>Discovery</u>:  No discovery has been taken to date, and, absent default judgment, Plaintiff anticipates this matter will be disposed of through summary judgment without the need for discovery.

9. <u>Class Actions</u>:  Not applicable.

10. <u>Related Cases</u>:  None.

11. <u>Relief</u>:  Plaintiff seeks a Court order compelling Defendant to submit the Grievance to a Step Three hearing, and, if the Grievance is not resolved at Step Three, to arbitrate the Grievance and the issues raised therein in the manner provided for in the Agreement, and ordering Defendant to reimburse Plaintiff's costs of suit and attorney's fees.

12. <u>Settlement and ADR</u>:  Because Defendant has made no appearance in this matter, there have been no settlement or ADR discussions between the parties.

13. <u>Consent to Magistrate Judge for All Purposes</u>:  Plaintiff will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>:  Inasmuch as the Complaint in this matter is to compel arbitration, Plaintiff does not believe this matter is appropriate for referral to binding arbitration.

15. <u>Narrowing of Issues</u>:  Plaintiff at this time is not aware of the need to narrow issues.

16. <u>Expedited Schedule</u>:  This matter should be disposed of through default judgment, or in the alternative, summary judgment.  If necessary, an expedited schedule for cross-motions for summary judgment would be appropriate.

17. <u>Scheduling</u>:  Scheduling of dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial does not appear appropriate at this time, given Defendant's failure to appear.

18. <u>Trial</u>:  Absent resolution through default judgment or summary judgment, the case will be tried to the court with an expected trial length of one day.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:  Plaintiff is filing its "Certification of Interested Entities or Persons" along with this Case Management Conference Statement.  Plaintiff certified, other than the named parties, there is no such interest to report.

20. Plaintiff is not aware at this time of other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

Dated:  July 2, 2008

BEESON, TAYER & BODINE, APC

By:      /s/Andrew H. Baker
     ANDREW H. BAKER
Attorneys for Teamsters Local 85